```
LATHAM & WATKINS LLP
   Kenneth M. Fitzgerald (SBN 142505)
   Daniel K. Greene (SBN 253595)
600 West Broadway, Suite 1800
San Diego, California 92101-3375
Telephone: (619) 236-1234
Facsimile: (619) 696-7419

Attorneys for Plaintiff
KATE SOMERVILLE SKINCARE, LLC
```

FILED
2008 AUG 15 PM 4:37
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 1502 L WMc

| | |
|---|---|
| KATE SOMERVILLE SKINCARE, LLC, a California LLC<br><br>Plaintiff,<br><br>v.<br><br>KATE SOMERVILLE JAPAN, a Japan Corporation, SUPER STUDIO, INC., a Japan Corporation, and HIROSHI KOMAMURA, an individual,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; COMMON LAW TRADEMARK INFRINGEMENT; FEDERAL TRADEMARK DILUTION; CALIFORNIA STATUTORY AND COMMON LAW TRADEMARK DILUTION; CALIFORNIA STATUTORY AND COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kate Somerville Skincare, LLC ("KSS") alleges as follows:

**JURISDICTION AND VENUE**

1. This action is within the jurisdiction of this Court by virtue of the Lanham Act, 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338 (original and exclusive jurisdiction over patent, copyright, and trademark cases, as well as unfair competition claims joined to those claims). The Court also has supplemental jurisdiction over KSS's state law claims pursuant to 28 U.S.C. § 1367(a).

2. Venue in this Court is proper under 28 U.S.C. § 1391(d) because an alien can be sued in any district.

3. This Court has personal jurisdiction over the defendants because (1) defendants' acts were aimed at plaintiff, a party whose principal place of business is in the State of California, thereby purposely availing defendants of the privileges of conducting activities in this State; (2) the instant dispute arises out of defendants' fraudulent, unauthorized registration and use of trademarks owned by plaintiff, a party whose principal place of business is in this State; (3) the instant dispute arises out of tortious and other unlawful conduct directed at plaintiff, a party whose principal place of business is in this State; and (4) defendants have communicated with parties in California and have traveled to California in order to undertake and perpetuate their infringing activities and acts of unfair competition, as alleged herein.

## THE PARTIES

4. Plaintiff KSS is a California LLC with its principal place of business in Los Angeles, California.

5. Upon information and belief, Defendant Kate Somerville Japan ("KSJ") is a Japan Corporation with its principal place of business in Tokyo, Japan.

6. Upon information and belief, Defendant Super Studio, Inc. is a Japan Corporation with its principle place of business in Tokyo, Japan.

7. Upon information and belief, Defendant Hiroshi Komamura ("Komamura") is an individual who resides in Tokyo, Japan. (Collectively, Komamura, KSJ, and Super Studio, Inc. will be referred to herein as "Defendants.")

8. Upon information and belief, Komamura is the alter ego of KSJ in that KSJ is, and at all times herein mentioned was, a mere shell, instrumentality, and conduit through which Komamura carried out his business in the company's name. KSS further alleges, on information and belief, that Komamura exercised complete control and dominance of KSJ and commingled KSJ's assets with his own to such an extent that any individuality or separateness of KSJ and Komamura does not, and at all times herein did not, exist. The commingling of assets of KSJ subject to attachment and available to satisfy the obligations of Komamura, and similarly renders the assets of Komamura subject to attachment and available to satisfy the obligations of KSJ.

9. Adherence to the fiction of separate existence of KSJ as an entity distinct from Komamura would permit an abuse of the company privilege and would sanction fraud and/or promote injustice.

## GENERAL ALLEGATIONS

10. KSS formulates, sells, and develops innovative skincare products. KSS has developed an outstanding reputation as a leader in the field of skin care and beauty. As a result, KSS has established an extremely loyal customer base which includes many celebrities who depend on KSS for healthy skin and beauty. Kate Somerville, the founder of KSS, is also widely respected in the industry largely due to her fifteen years of research and development of skin care products. KSS operates a Skin Health Experts clinic in Los Angeles, California. KSS sells its products through a company owned medi-spa, direct response television (QVC), prestige retailers (Neiman Marcus, Nordstrom, Henri Bendel), through independent spas and salons, telephone orders and through the internet, including its own website, www.katesomerville.com.

11. KSS owns the mark KATE SOMERVILLE, registration number 3,156,768, and has used this mark continuously in the provision of skin care treatment services, namely, facials, non-surgical face lifts, acne treatments, treatment for discoloration and scarring, vascular therapy, hair removal and anti-aging treatments. KSS also owns the mark KATE SOMERVILLE, registration number 3,173,256, and has used this mark continuously since 2004 with a wide variety of skin care products including those for the face and body, namely, cleansers, cleansing milk, creams, emulsions, lotions, masks, body oils, scrubs, non-medicated serums, body sprays, facial sprays, and toners.

12. Funds controlled by JH Partners purchased a 50% interest in KSS on May 8, 2007. JH Partners subsequently invested additional capital into KSS in 2007 and 2008. Prior to the merger, KSS had entered into an Exclusive Distribution Agreement with Japanese Company called K. Nakamoto, Inc. ("Nakamoto") for the purposes of distributing KSS products in Japan.

13. Pursuant to the terms of the Agreement between KSS and Nakamoto, Nakamoto was to obtain the requisite government approvals so that KSS products could be sold

1  in Japan. Nakamoto failed to obtain the necessary approvals, and KSS terminated the agreement
2  in May 2007.

3    14. KSS and Nakamoto met in Los Angeles, California on August 1, 2007 to
4  discuss the termination of the agreement. Defendant Komamura traveled to and attended this
5  meeting, in addition to other meetings with Nakamoto and Nakamoto's attorneys in Los Angeles,
6  California.

7    15. At the meeting, representatives for KSS met Komamura for the first time.
8  At the meeting, Komamura was presented as a business partner and representative of Nakamoto,
9  and made statements on behalf of Nakamoto.

10   16. Prior to the August 1, 2007 meeting in Los Angeles, California,
11 Komamura had founded KSJ in Japan, and had had established a website on the Internet,
12 www.katesomerville-japan.jp. On information and belief, Defendants created and registered the
13 www.katesomerville-japan.jp website on or about May 5, 2006.

14   17. The www.katesomerville-japan.jp website features the KSS marks, and
15 prominently includes the phrase "Kate Somerville US," which provides a hyperlink to the KSS
16 website, www.katesomerville.com.

17   18. Defendants do not have authorization from KSS, or any other party
18 authorized by KSS, to use the KSS trademark, or to advertise or link to the KSS website.

19   19. Nakamoto had not asked KSS for, nor was he granted, permission to sub-
20 license the right to use the KSS marks as required by the terms of the agreement.

21   20. Upon information and belief, Defendants registered the KSS trademark in
22 Japan, registration number 5,020,136, without KSS's knowledge in July 2006, fraudulently
23 representing to the Japanese trademark office that Defendants had the lawful right to use the KSS
24 trademark, which they do not.

25   21. At the August 1, 2007 meeting, KSS informed Komamura and KSJ that
26 KSS would not, under any circumstances, continue its relationship with Komamura and KSJ.
27 KSS also made it clear to Komamura and KSJ that it was not authorized to use the KSS name or
28

LATHAM&WATKINS  SD\640952.4        COMPLAINT
ATTORNEYS AT LAW
SAN DIEGO         4

1  trademark. Since that time, KSS has made demands on Defendants to cease and desist from its
2  use of the KSS trademark, but those demands have been ignored or refused.

3      22. Upon information and belief, Komamura, KSJ and/or Super Studio, Inc.
4  renewed the registration on the website www.katesomerville-japan.jp on or before May 31, 2008,
5  the date on which the registration was to expire.

6      23. KSS has invested substantial time and money developing, marketing, and
7  selling its skin care products, providing skin care treatment services, and in its reputation and
8  goodwill. Defendants' unauthorized actions have resulted or will result in harm to KSS's sales,
9  brand name, market reputation, and goodwill.

## CLAIM ONE

### Against all Defendants for Trademark Infringement under 15 U.S.C. § 1441

12      24. KSS realleges and incorporates by reference paragraphs 1 through 23, as if
13  fully set forth herein.

14      25. KSS owns registration No. 3,156,768 (issued Oct. 17, 2006) for the mark
15  KATE SOMERVILLE and registration No. 3,173,256 (issued Nov. 21, 2006) for the mark
16  KATE SOMERVILLE (collectively, the "Marks").

17      26. The Marks are arbitrary, fanciful, and/or suggestive, and, at a minimum,
18  have acquired a secondary meaning by purchasers and the public associating the Marks with
19  KSS.

20      27. KSS enjoys significant public recognition and critical acclaim for the
21  products sold under its Marks. Through KSS' widespread and continuous use of its Marks, these
22  Marks have acquired extensive goodwill, have developed a high degree of distinctiveness, and
23  are famous, well known and recognized as identifying goods that originate from KSS.
24  Customers understand that products using the Marks are authorized, licensed, affiliated with
25  and/or endorsed by KSS.

26      28. Defendants are marketing products bearing the Marks, without the
27  authorization or consent, express or implied, of KSS. Defendants' actions constitute trademark
28  infringement.

29. KSS is informed and believes, and on that basis alleges, that Defendants have not acquired and will not acquire any products bearing the Marks through any authorized channels, or from any party with a right to convey a license, express or implied, to use the Marks.

30. Defendants' acts were committed with the intent to cause confusion, mistake, and to deceive.

31. Defendants' acts have caused, and will continue to cause, harm to KSS's sales, brand name, market reputation, and goodwill, and other damages, in an amount to be determined at trial.

32. Defendants' infringement of the Marks has caused, and if not enjoined will continue to cause, KSS to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, KSS is entitled to injunctive relief preventing Komamura, KSJ and Super Studio, Inc. from continuing their infringing activities.

## CLAIM TWO

**Against all Defendants for False Designation of Origin Under 15 U.S.C. § 1125(a)**

33. KSS hereby repeats, realleges, and incorporates by reference paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. This is an action for false designation of origin arising from Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. KSS has marketed, advertised, and promoted the Marks. As a result of this marketing, advertising, and promotion, the Marks have come to mean and are understood to signify KSS products, and are one of the ways by which those goods and services are distinguished from the goods and services of others in the same and in related fields.

36. The Marks are distinctive and have acquired secondary meaning by purchasers and the public associating the Marks with KSS products.

37. Defendants have infringed KSS's Marks and created a false designation of origin by using confusingly similar phrases and equivalent images in connection with the advertisement and promotion of Defendants' website, and in connection with efforts to begin preparation to

LATHAM&WATKINS LLP   SD\640952.4                                   COMPLAINT
ATTORNEYS AT LAW
   SAN DIEGO                             6

market and sell products and services using the KSS marks, with the intent to unfairly compete against KSS, to trade upon KSS's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' goods are associated with, sponsored by or approved by KSS, when they are not.

38. KSS is informed and believes, and on that basis alleges, that Defendants had actual knowledge of KSS's ownership and prior use of KSS's Marks, and without the consent of KSS, have willfully violated 15 U.S.C. § 1125(a).

39. Defendants' aforementioned acts have injured KSS and damaged KSS in an amount to be determined at trial.

40. By their actions, Defendants have irreparably injured KSS. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of KSS's rights, for which KSS has no adequate remedy at law.

## CLAIM THREE

### Against All Defendants for Common Law Trademark Infringement

41. KSS hereby repeats, realleges, and incorporates by reference paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. This is an action for trademark infringement arising under the common law of the State of California.

43. By virtue of the acts complained of herein, Defendants have intentionally infringed KSS's Marks and caused a likelihood of confusion among the consuming public, thereby committing common law trademark infringement.

44. Defendants' aforementioned acts have been fraudulent, oppressive and malicious, and have injured KSS and damaged KSS in an amount to be determined at trial.

45. By their actions, Defendants have irreparably injured KSS. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of KSS's rights, for which KSS has no adequate remedy at law.

## CLAIM FOUR

### Against all Defendants for Trademark Dilution Under 15 U.S.C. § 1125(c)

46. KSS hereby repeats, realleges, and incorporates by reference paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47. This is an action for federal dilution in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

48. KSS's Marks are famous and well-known within the meaning of 15 U.S.C. § 1125(c), and became famous prior to the acts of Defendants complained of herein.

49. After the Marks became famous and well-known, Defendants misappropriated the Marks for their own use and commercial advantage, in blatant disregard for KSS's rights.

50. Defendants' unauthorized commercial use of phrases and equivalent images to the Marks, on or in connection with the advertisement and promotion of their facilities and services, in interstate commerce, has caused and is likely to continue to cause dilution of the distinctive quality of the famous Marks.

51. Defendants' aforementioned acts are likely to tarnish, injure, or trade upon KSS's business, reputation and goodwill, and to deprive KSS of the ability to control its Marks.

52. KSS is informed and believes, and on that basis alleges, that by Defendants' aforementioned acts, Defendants have willfully intended to trade upon KSS's business, reputation, and goodwill.

53. Defendants' aforementioned acts have injured KSS and damaged KSS in an amount to be determined at trial.

54. By their actions, Defendants have irreparably injured KSS. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of KSS's rights, for which KSS has no adequate remedy at law.

## CLAIM FIVE

### Against all Defendants for Trademark Dilution Under California Business & Professions Code § 14330 and California Common Law

55. KSS hereby repeats, realleges, and incorporates by reference paragraphs 1 through 54 of this Complaint as though fully set forth herein.

56. This is an action for dilution in violation of California Business & Professions Code §§ 14330 and 14335.

57. KSS's Marks are famous, and became famous prior to the acts of Defendants complained of herein.

58. Defendants' unauthorized use of similar phrases and equivalent images to the Marks, on or in connection with the advertisement, offering for sale, and/or sale of their goods has caused and is likely to continue to cause dilution of the distinctive quality of the famous Marks.

59. Defendants' aforementioned acts are likely to tarnish, injure, or trade upon KSS's business, reputation and goodwill, and to deprive KSS of the ability to control its Marks.

60. Defendants' aforementioned acts have injured KSS and damaged KSS in an amount to be determined at trial.

61. By their actions, Defendants have irreparably injured KSS. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of KSS's rights, for which KSS has no adequate remedy at law.

## CLAIM SIX

### Against all Defendants for Unfair Competition Under California Business & Professions Code § 14330 and California Common Law

62. KSS hereby repeats, realleges, and incorporates by reference paragraphs 1 through 61 of this Complaint as though fully set forth herein.

63. This is an action for unfair competition arising under California Business & Professions Code §§ 17200, *et seq.* and the common law of the State of California.

64. By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among the public and have unfairly competed in violation of California Business & Professions Code §§ 17200, *et seq.* and the common law of California.

65. Defendants' aforementioned acts constitute unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged KSS.

66. By their actions, Defendants have irreparably injured KSS. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of KSS's rights, for which KSS has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, KSS prays for judgment as follows against Defendants:

1. For a preliminary injunction restraining and enjoining Defendants, its agents, employees, attorneys, servants, successors, and assigns, and any persons in active concert or participation with Defendants, from advertising or selling any product or providing any service bearing KSS's Marks.

2. For a permanent injunction restraining and enjoining Defendants, its agents, employees, attorneys, servants, successors, and assigns, and any persons in active concert or participation with Defendants, from advertising or selling any product or providing any service bearing KSS's Marks;

3. For an accounting of revenues and profits that Defendants derived from its infringing and unfair business practices;

4. For a constructive trust on all said profits;

5. For restitution and disgorgement of said profits;

6. For general, special, actual, punitive, and statutory damages in an amount to be determined at trial;

7. For costs of suit including attorneys' fees incurred as a result of this action;

## DEMAND FOR JURY TRIAL

Kate Somerville Skincare, LLC hereby demands a trial by jury in this action.

Dated: August 15, 2008                          LATHAM & WATKINS LLP

By: /s/ Daniel K. Greene
Daniel K. Greene
Attorneys for Plaintiff
Kate Somerville Skincare, LLC

1      8.    For prejudgment interest on any award; and

2      9.    For such other relief as the Court deems just and proper.

Dated: August 15, 2008                LATHAM & WATKINS LLP

By: _____
    Daniel K. Greene
    Attorneys for Plaintiff
    Kate Somerville Skincare, LLC

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KATE SOMERVILLE SKINCARE, LLC, a California LLC

### DEFENDANTS
KATE SOMERVILLE JAPAN, a Japan Corporation, SUPER STUDIO, INC., a Japan Corporation, and HIROSHI KOMAMURA, an individual

FILED
2008 AUG 15 PM 4:38
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

(b) County of Residence of First Listed Plaintiff **San Diego, CA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Japan**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
LATHAM & WATKINS LLP
600 W. Broadway, Suite 1800
San Diego, CA 92101
619.236.1234

Attorneys (If Known)

'08 CV 1502 L WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [X] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury - Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | PERSONAL PROPERTY | [ ] 660 Occupational Safety/Health | [X] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise |  | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motion to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment / Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / [ ] 530 General | IMMIGRATION | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | [ ] 462 Naturalization Application |  | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & other | [ ] 463 Habeas Corpus - Alien Detainee | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights / [ ] 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1121(a), 1331, 1338

Brief description of cause:
Trademark infringement

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Per Proof
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: August 15, 2008
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 154116  AMOUNT 350.00  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____
VB 08/15/08

FDJS44

ORIGINAL

```
          UNITED STATES
          DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

        # 154116      - MB

        August 15, 2008
           16:38:14


         Civ Fil Non-Pris
USAO #.: 08CV1502 CIVIL FILING
Judge..: M. JAMES LORENZ
Amount.:              $350.00 CK
Check#.: BC425038



    Total->  $350.00



FROM: KATE SOMERVILLE SKINCARE LLC
      VS KATE SOMERVILLE JAPAN, ET A
```